UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JUANITA DOE**, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00091-DC-RCG |
| | § | **Jury Requested** |
| **MIDLAND COUNTY, TEXAS** | § | |
| **JUAN CARLOS SERNA-VENEGAS,** | § | |
| **DAVID CRINER, SGT. PETERS** | § | |
| and **MARISELA MARTINEZ** | § | |
| *Defendants* | § | |

## PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Comes now Plaintiff, by and through her attorney of record, and files this unopposed motion to proceed under the pseudonym "Juanita Doe." The circumstances of this case are such that requiring the Plaintiff to proceed under her legal name, and to reveal the names of those other individuals involved, would disclose information of the utmost personal intimacy, including intimate details of Plaintiff's sexual history. In support thereof, Plaintiff shows the following:

A Court may grant a Plaintiff leave to proceed anonymously in a lawsuit. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." Id.

The underlying dispute in this case is the forcible rape of Plaintiff while she was detained at the Midland County Jail on charges which she was ultimately exonerated from. The details of

the underlying sexual assault accusation are intimate in nature and unjust injury would result from the public identification of the Plaintiff to the accusation if Plaintiff is not permitted to proceed anonymously.

The defendant in this case has already been tried in the criminal courts, and was convicted of a separate, but related sexual assault of another detainee. The defendant's name was released in the media, although, in keeping with Texas law, the names of the victims were all kept confidential. Forcing a rape victim to surrender her anonymity afforded by law in order to pursue civil charges would have a chilling effect against the ability of victims of sexual assault to pursue remedies available under civil law, and would essentially erase the protections of Texas Law for victims of sexual crime.

If Plaintiff is not permitted to proceed anonymously, Plaintiff's identity and family relationships would be revealed in subsequent media attention to this lawsuit. This publicity and media coverage would cause irreparable reputational harm to both Plaintiff and her family, including her young children.

If Plaintiff is not permitted to proceed anonymously, the purpose of this lawsuit would be made moot. The balancing of the interests under *Stegall* weighs in favor of granting this motion for that reason.

For these reasons, the need to protect the privacy of the Plaintiff and his accuser outweigh the presumption of judicial openness under Federal Rule of Civil Procedure 10(a).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this court grant this motion to proceed anonymously.

Filed this 22nd day of June, 2023.

Respectfully submitted,

**HOGAN LAW FIRM, PC**
6215 98th Street
Lubbock, Texas 79424
(806) 771-7900
Fax (806) 771-7925
Email rob@hoganlaw.com

BY: /S/ Robert S. Hogan
     Robert S. Hogan
     SBN: 00796767

ATTORNEY FOR PLAINTIFF