| | | |
|---|---|---|
| JUANITA DOE, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00091-DC-RCG |
| | § | **Jury Requested** |
| MIDLAND COUNTY, TEXAS | § | |
| JUAN CARLOS SERNA-VENEGAS, | § | |
| DAVID CRINER, SGT. PETERS | § | |
| and MARISELA MARTINEZ | § | |
| *Defendants* | § | |

# PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff, JUANITA DOE,[1] files this, her **Plaintiff's First Amended Complaint**, against

MIDLAND COUNTY, TEXAS, JUAN CARLOS SERNA-VENEGAS, DAVID CRINER, SGT.

PETERS AND MARISELA MARTINEZ for damages pursuant to 42 U.S.C. §§ 1983 1988, the

Fourth and Fourteenth Amendments to the United States Constitution, and related claims.

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

JUAN CARLOS SERNA-VENEGAS, then a jailer at the Midland County Jail, forcefully

raped the Plaintiff, who was an arrestee committed to his care, in a cell in the Special Housing

---

[1] Plaintiff files this Complaint initially using a pseudonym, because the circumstances of this case, and the harm which Plaintiff has suffered, are such that requiring Plaintiff to proceed under her correct legal name, would disclose information of the utmost personal intimacy, including intimate details of Plaintiff's sexual history. It is the policy of the federal courts to grant a plaintiff leave to proceed anonymously in a lawsuit. *See, Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe,* 599 F.2d 707, 712 (5th Cir.1979). The need to protect the privacy of Plaintiff outweighs the presumption of judicial openness under Federal Rule of Civil Procedure 10(a). Plaintiff has filed contemporaneously herewith, or will in due course file a Motion for Leave to Proceed anonymously with this Court, seeking ratification and continued leave of this Court to proceed anonymously.

Unit of the Midland County Jail. SHERRIF DAVID CRINER allowed the assault to happen through failure to train, failure to supervise, and failure to enact and enforce policies designed to protect those committed to his care, and through his deliberate indifference to dangerous personnel deficiencies in the MIDLAND COUNTY JAIL. MARISELA MARTINEZ and SGT. PETERS actively knew of the propensities and characteristics of SERNA-VENEGAS, and, upon information and belief of the PLAINTIFF knew or should have reasonably known of the likelihood that SERNA-VENEGAS would prey on vulnerable women incarcerated at MIDLAND COUNTY JAIL, yet they stood by and did nothing to protect those women, whom they also were charged to protect. By their inaction, they became material participants in the deprivation of civil rights under color of law, making them individually liable for violations of 42 USC § 1983, and liability for conspiracy to deprive others of civil rights under 42 USC § 1985.

Plaintiff herein complies with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See also, Johnson v. City of Shelby, Miss.*, 574 U.S.—, 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (per curiam).

# I. PARTIES

1.1    Plaintiff was at all times relevant to this cause of action a citizen of the United States and a resident of the State of Texas. Plaintiff was domiciled in Midland, Midland County, Texas at all times material hereto.

1.2    Defendant JUAN CARLOS SERNA-VENEGAS ("SERNA-VENEGAS") was, at all times relevant to this cause of action, a duly appointed and acting jailer with the Midland County

Sheriff's Department, within the course and scope of his employment with the County. Defendant VENEGAS may be served with process at the following address:

Juan Carlos Serna-Venegas
13055 FM 3522
Abilene, TX 79601

1.3     Defendant DAVID CRINER (CRINER) was, at all times relevant to this cause of action, the elected Sheriff of Midland County, Texas, with authority for the care and custody of those persons detained in the Midland County Jail, and the ultimate authority for directing the policies and practices of the Midland County Jail, with regard to hiring, firing, discipline, training, and institution of programs designed to protect detainees from being sexually assaulted. Defendant CRINER may be served with process at his business address:

David Criner
400 S. Main Street
Midland, TX 79701

1.4     Defendant MIDLAND COUNTY, TEXAS (the "County") is a governmental organization located within the boundaries of the Midland Division of the Western District of Texas. MIDLAND COUNTY may be served with summons by serving its chief executive, County Judge Terry Johnson, at the following address:

MIDLAND COUNTY
c/o Hon. Terry Johnson
500 N. Lorraine St, Suite 1100
Midland TX 79701

1.5     Defendant SGT. PETERS ("PETERS") was, at all times relevant to this cause of action, a duly appointed and acting supervisory jailer with the Midland County Sheriff's Department, within the course and scope of his employment with the County. Defendant PETERS may be served with process at the following address:

SGT. PETERS
c/o Midland County Jail
400 S. Main Street
Midland, TX 79701

1.6     Defendant MARISELA MARTINEZ ("MARTINEZ") was, at all times relevant to this cause of action, a duly appointed and acting jailer with the Midland County Sheriff's Department, within the course and scope of his employment with the County. Defendant MARTINEZ may be served with process at the following address:

MARISELA MARTINEZ
c/o Midland County Jail
400 S. Main Street
Midland, TX 79701

## II.     JURISDICTION AND VENUE

2.1     Jurisdiction is based upon 42 U.S.C. §§ 1983 and 1988, which confer jurisdiction over Plaintiff's constitutional claims for redress in this Court under 28 U.S.C. § 1343(a)(3).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.2     Federal question jurisdiction is conferred on this Court by 28 U.S.C § 1331, because this action arises under the Constitution and laws of the United States.

2.3     Venue is proper in the Western District of Texas, Midland Division, as this is the district in which the claim arose as set forth in 28 U.S.C. § 1391(b).

## III. DUTY AND LAW APPLICABLE

3.1     Plaintiff was subjected to non-consensual sexual assault in violation of the rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2     Plaintiff commences this action pursuant to 42 U.S.C. § 1983, which provides, in relevant part, for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the

Constitution and laws of the United States, and 42 U.S.C. § 13981, as well as related state law and common law provisions as discussed below.

3.3    SERNA-VENEGAS, PETERS, and MARTINEZ were acting under color of law and are liable under 42 U.S.C. § 1983.

3.4    DAVID CRINER was, at all times material hereto, Sheriff of Midland County, Texas, and was the ultimate policymaker for the Office of Sheriff and for Jail employees. Defendants SERNA-VENEGAS, PETERS, and MARTINEZ were, at all times relevant hereto, employees of the Sheriff of Midland County, Texas. Defendant CRINER was the agent and authorized policymaker on behalf of the county and Sheriff for jailers working at the county jail. At all times material hereto, Defendants were acting within the course and scope of their employment.

3.5    MIDLAND COUNTY is liable to the Plaintiff under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) based on the existence of a policy, custom, pattern or practice which led to the deprivation of constitutional rights of the Plaintiff, and directly because their chief policymaker, Defendant CRINER, is responsible individually for his own violations of 42 U.S.C. § 1983. MIDLAND COUNTY is a local government local governmental entity which is the subdivision of the State of Texas charged, under the constitution and laws of the State, with governance of Midland County, Texas. MIDLAND COUNTY, through its County Commissioners approves the budget of the Sheriff and otherwise exercises authority over that office.

# IV. Factual Allegations

4.1    Plaintiff was arrested on or about May 27, 2021, based on charges which were later dismissed. Beginning soon after her arrest, Plaintiff was placed in the Special Housing Unit of the Midland County Jail.  The Special Housing Unit (SHU) was an area which was intentionally or knowingly concealed from video monitoring capabilities of the jail video surveillance system, and the concealment was apparent to and widely known to the employees of the Jail, including SERNA-VENEGAS and others.  This concealment provided cover and opportunity for SERNA-VENEGAS to engage in his sexual abuse of female inmates.

4.2    On or about June 30, 2021, Plaintiff was in her cell in the Special Housing Unit (SHU) when SERNA-VENEGAS came into Plaintiff's cell. Closing the door most of the way behind him, he accosted Plaintiff and compelled her to perform an oral sex act upon him.  After completing the act, SERNA-VENEGAS left the room.

4.3    SERNA-VENEGAS came back an hour or two after the first incident, and again accosted Plaintiff. This time, he forced Plaintiff to have penetrative vaginal intercourse with him, grabbing her hair and bending her over and forcefully inserting his penis into her.  On this second occasion, SERNA-VENEGAS threatened Plaintiff with a Taser issued to him by MIDLAND COUNTY to force Plaintiff to keep quiet while he raped her.

4.4    After the two assaults, Plaintiff began to make complaints to other Correctional Officers at Midland County, that resulted in her being relocated to another unit away from SERNA-VENEGAS.  Before she was relocated, however, SERNA-VENEGAS came back to her cell on additional occasions and threatened her with bodily harm if she told anyone about what happened to her. During this time, SERNA-VENEGAS was not placed on administrative duty or removed

from contact with inmates, as evidenced by the fact that he was allowed to come back to have contact with Plaintiff and other inmates.

4.5    Defendant SERNA-VENEGAS was known by MIDLAND COUNTY, and to employees of MIDLAND COUNTY, including PETERS and MARTINEZ to be a sexual predator, very reckless and loose in a sexual manner, and someone who would take sexual liberties with fellow employees and inmates in the custodial setting. On or about July 2, 2021, another employee, MARTINEZ, had complained that SERNA-VENEGAS had shown her a video of him having sex with an individual as they worked in the jail. MARTINEZ was angry at SERNA-VENEGAS, because she believed the video to depict MARTINEZ and SERNA-VENEGAS having sexual intercourse. MARTINEZ acknowledged that she had engaged in sexual intercourse with SERNA-VENEGAS but she claimed that she had never given SERNA-VENEGAS permission to video her or to post videos of the two of them online. It was later determined that the sex video was of a separate jail inmate that SERNA-VENEGAS had had sexual intercourse with.

4.6    MARTINEZ acknowledged to authorities that SERNA-VENEGAS had admitted to MARTINEZ that SERNA-VENEGAS had a commercial web page on "Only Fans.com," a subscription-based internet website, and stated that he got paid to have sex with other females, including inmates, and post it on his page. MARTINEZ stated that VENEGAS had shown this and similar videos in the past to CARBAJAL, SMITH, ALCARAZ and CPL. REEVES.

4.7    MARTINEZ also told investigators that, in the past, SERNA-VENEGAS would touch her inappropriately while working, would wrap his arms around her from behind and grab her breasts, and that she had complained to supervisors, including SGT. PETERS, and had asked that something be done to stop SERNA-VENEGAS, but SGT. PETERS failed to take any action in response to the conduct of SERNA-VENEGAS.

4.8     Investigators later reviewing videos on SERNA-VENEGAS's phone found at least seven different videos of SERNA-VENEGAS having sex with inmates at the Midland County Jail. These videos dated back as early as January 09, 2021. Investigators located multiple other inmates that SERNA-VENEGAS had sexually assaulted in the jail.

4.9     Defendant DAVID CRINER, County Sheriff, and Defendant SGT. PETERS, knew or should have known of Defendant SERNA-VENEGAS's reputation for sexual aggression toward women, and, upon information and belief SERNA-VENEGAS's tendency toward sexual aggression was generally well known at the Midland County Jail. Despite this knowledge, neither Defendant CRINER, nor SGT. PETERS did anything to intervene to protect the safety and physical well-being of the detainees under their charge.

4.10    Additionally, Defendant CRINER and MIDLAND COUNTY failed to take effective action, to establish proper protocol and policies for housing and protection of female subjects, to protect them from being sexually victimized by opposite gender employees. County and Jail policies did not require presence of additional personnel (two-person rule), presence of a jail employee of the same gender as the inmate, or prohibit opposite gender employees from taking vulnerable female detainees into a private areas secluded from monitoring, where abuse might take place. Jail Policies and County Policies were entirely silent on such matters. The failure of CRINER to establish such reasonable policies and protocol led to the development of an inviting environment conducive to sexual abuse and sexual assault of vulnerable female detainees, like the Plaintiff, and, together with the retention of SERNA-VENEGAS, who was known to have a propensity to be a sexual predator, indicated a deliberate disregard for the safety and well-being of Plaintiff or any other young woman who might fall under Defendant SERNA-VENEGAS'S control.

4.11    The policies and deliberate inaction of Defendant CRINER, as Sheriff of Midland County, contributed to the rape of Plaintiff by failure to enact policies that held jail officers accountable for their actions, by failing to properly document and supervise the processing of detainees, by failing to require officers to report and document movements of jail inmates, by failing to prohibit jail officers from taking female detainees unescorted by a female officer into private areas, and by failing to enact and enforce policies that respond to complaints of gender-based aggression and violence.

## V. Causes of Action

### COUNT 1: EXCESSIVE FORCE (FOURTH AMENDMENT)

5.1    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporating those allegations in this Count, and further alleges as follows:

5.2    Defendant SERNA-VENEGAS committed sexual assault against Plaintiff on June 30, 2021, and following, without consent or lawful authority by forcing her to engage in oral copulation and penetrative vaginal intercourse in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

5.3    Defendant SERNA-VENEGAS committed sexual assault against Plaintiff on or about June 30, 2021, without consent or lawful authority, by orally raping her in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

5.4    Defendant SERNA-VENEGAS intended to cause this harmful and offensive contact with Plaintiff in that his harmful acts were deliberate and in that his actions were substantially certain to result in harm and offense.

5.5     Defendant SERNA-VENEGAS used physical force against Plaintiff under circumstances where no force was necessary or appropriate, and the physical force used by Defendant SERNA-VENEGAS against Plaintiff, a pre-trial detainee, was objectively unreasonable and therefore in violation of the Fourth and Fourteenth Amendments of the United States Constitution, under the standards of *Kingsley v. Hendrickson*, ___ U.S. ____, 135 S.Ct. 2466 (2015).  Defendant SERNA-VENEGAS acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights and safety.

5.6     Defendant SERNA-VENEGAS is a "person" under applicable law.

5.7     Defendant SERNA-VENEGAS misused his power, possessed by virtue of state law and made possible only because Defendant SERNA-VENEGAS was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. § 1983.

5.8     Defendant Sheriff CRINER, and Defendant PETERS, having had prior knowledge that SERNA-VENEGAS had a propensity for being sexually reckless and engaging in inappropriate contact with fellow employees and others, intentionally facilitated SERNA-VENEGAS'S ability to sexually assault Plaintiff and were therefore responsible for his sexual assault of Plaintiff or exhibited deliberate indifference in failing to adequately investigate and remedy prior misconduct and in retaining but failing to adequately train, supervise or discipline Defendant SERNA-VENEGAS to prevent such harm.

5.9     The foregoing actions of Defendants CRINER, PETERS, and SERNA-VENEGAS were willful, wanton and in reckless disregard of Plaintiff's rights.

5.10    At all times in question, Defendant CRINER was a final policymaker of Defendant MIDLAND COUNTY, as the elected County Sheriff.  By knowingly employing and obtaining certification for a known sexual predator as a jailer, and by knowingly placing a known sexual predator into a position where he could have unsupervised and unmonitored contact with vulnerable female detainees, Defendant CRINER violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment, and failed to protect Plaintiff, as he had a sworn and legal duty to do.  Defendant CRINER is therefore liable for individual violations of 42 U.S.C. § 1983 to the Plaintiff.    Additionally, since CRINER was a final policymaker of Defendant MIDLAND COUNTY, his unconstitutional actions are imputable to the County.  *Turner v. Hind*, 915 F.2d 133, 136 (5th Cir. 1990); *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005); *Brown v. Bryan County, Oklahoma*, 67 F.3d 1174, 1183 (5th Cir. 1995). *See also*, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

5.11    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

5.12    Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

5.12    Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against the above Defendants individually, and compensatory damages and attorneys fees against Defendant MIDLAND COUNTY.

## COUNT 2: CRUEL AND UNUSUAL PUNISHMENT
## (FOURTEENTH AMENDMENT)

5.13    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count, and further alleges as follows:

5.14    Defendant SERNA-VENEGAS committed battery against Plaintiff on June 30, 2021, and after, without consent or lawful authority, by fondling her body and by orally and vaginally raping her in violation of the Fourth and Fourteenth Amendments.

5.15    Defendant SERNA-VENEGAS intended to cause this harmful and offensive contact with Plaintiff in that the fondling and other harmful acts were deliberate and in that SERNA-VENEGAS threatened and intimidated Plaintiff in the course of the harmful acts and the acts of Defendant SERNA-VENEGAS were substantially certain to result in harm and offense.

5.16    Defendant SERNA-VENEGAS exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

5.17    SERNA-VENEGAS is a "person" under applicable law.

5.18    Defendant SERNA-VENEGAS misused his power, possessed by virtue of state law and made possible only because Defendant SERNA-VENEGAS was clothed with the authority of

state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

5.19    Defendants CRINER, PETERS, and MARTINEZ, having had prior notice of inappropriate sexual conduct by Defendant SERNA-VENEGAS, intentionally furthered SERNA-VENEGAS'S ability to sexually assault her and were therefore responsible for his continuing sexual abuse of Plaintiff or exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining and failing to adequately supervise Defendant SERNA-VENEGAS to prevent such harm.  Defendant CRINER'S constitutional violations are imputable to MIDLAND COUNTY, as indicated above in paragraph 5.10.

5.20    The foregoing actions of Defendants CRINER, PETERS, MARTINEZ and SERNA-VENEGAS, were willful, wanton and in reckless disregard of Plaintiff's rights.

5.21    Severe and repetitive sexual abuse of an inmate, and being detained against their will by the government and placed in the custody of known sexual offenders is not part of the penalty that criminal detainees should have to pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment in violation of the Fourteenth Amendment.

5.22    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

5.23    Based on the willful and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

5.24    Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against MIDLAND COUNTY.

COUNT 3:  DENIAL OF EQUAL PROTECTION (14TH AMENDMENT)

5.25    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count, and further alleges as follows:

5.26    Defendant SERNA-VENEGAS, by the foregoing actions practiced discrimination and harassment against Plaintiff based upon her sex in violation of the Fourteenth Amendment to the U.S. Constitution.

5.27    All Defendants are persons under applicable law.

5.28    Plaintiff is a woman and is therefore a member of a protected class within the meaning of applicable law.

5.29    Defendant SERNA-VENEGAS misused his power, possessed by virtue of state law and made possible only because Defendant SERNA-VENEGAS was clothed with the authority of

state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. Section 1983.

5.30    Defendants Sheriff CRINER, SGT. PETERS, and MARTINEZ, having had prior notice of other wrongful sexual misconduct by Defendant SERNA-VENEGAS, exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant SERNA-VENEGAS to prevent such harm.

5.31    In promulgating policies which permitted the hiring and retention of known sexual predators to supervise vulnerable female detainees, and prevented adequate video surveillance of contact between detainees and officers, Defendant CRINER contributed to the constitutional violation of Plaintiff. Defendant CRINER'S constitutional violations are imputable to MIDLAND COUNTY, as indicated above in paragraph 5.10.

5.32    The foregoing actions of Defendants CRINER, PETERS, MARTINEZ, and SERNA-VENEGAS, were willful, wanton and in reckless disregard of Plaintiff's rights.

5.33    The disparate treatment, discrimination, and harassment described herein was based on Plaintiff's sex and she was negatively affected thereby.

5.34    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

5.35    Based on the willful and malicious conduct of Defendant SERNA-VENEGAS, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant SERNA-VENEGAS.

5.36    Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against all the above Defendants individually, and compensatory damages and attorneys fees against MIDLAND COUNTY.

## COUNT 4: VIOLATION OF RIGHT TO BODILY INTEGRITY (14th AMENDMENT)

5.37    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count, and further alleges as follows:

5.38    In forcibly seizing, fondling, and orally and vaginally raping Plaintiff, Defendant SERNA-VENEGAS intentionally and unlawfully violated Plaintiff's Fourteenth Amendment right to bodily integrity by coercive sexual misconduct, without legal justification.

5.39    Defendants CRINER, PETERS, and MIDLAND COUNTY having notice of the risk of sexual abuse of Plaintiff by virtue of their actual knowledge of SERNA-VENEGAS'S history as a sexual predator, failed to provide safe facilities for the care of women in their jail or provide a safe alternative.

5.40    Defendants misused their power, possessed by virtue of state law and made possible only because Defendants were cloaked with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. § 1983. Defendant CRINER'S constitutional violations are also imputable to MIDLAND COUNTY, as indicated above in paragraph 5.10.

5.41    The foregoing actions of Defendants SERNA-VENEGAS, CRINER and PETERS were willful and wanton and in deliberate or reckless disregard of Plaintiff's rights under the United States Constitution.

5.42    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

5.43    Based on the willful and malicious conduct of Defendants SERNA-VENEGAS and CRINER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants SERNA-VENEGAS and CRINER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendants SERNA-VENEGAS and CRINER, and compensatory damages and attorney's fees against Defendant MIDLAND COUNTY.

## COUNT 5: BATTERY

5.44    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count, and further alleges as follows:

5.45    In forcibly seizing, fondling, and orally and vaginally raping Plaintiff, Defendant SERNA-VENEGAS committed a battery against Plaintiff on June 30, 2021 and following, which constituted an offensive touching.

5.46    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

5.47    Based on the willful and malicious conduct of Defendant SERNA-VENEGAS, as is set out herein, Plaintiff is entitled to a substantial award of actual and punitive damages against Defendant SERNA-VENEGAS.  This count is brought for intentional tort against Defendant SERNA-VENEGAS only, pursuant to *City of Watuga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014).

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant SERNA-VENEGAS.

## COUNT 6:  FALSE IMPRISONMENT

5.48    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count, and further alleges as follows:

5.49    Defendant SERNA-VENEGAS committed wrongful actions on June 30, 2021 and following, including the physical confinement and restraint of Plaintiff against her will and without lawful purpose or justification.

5.50    The foregoing actions of SERNA-VENEGAS were willful, wanton and in reckless disregard of Plaintiff's rights.

5.51    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

5.52    Based on the willful and malicious conduct of Defendant SERNA-VENEGAS, as is set out herein, Plaintiff is entitled to a substantial award of actual and punitive damages against Defendant SERNA-VENEGAS. This count is brought for intentional tort against Defendant SERNA-VENEGAS only, pursuant to *City of Watuga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014).

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant SERNA-VENEGAS.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.53    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations in this Count.  Pleading in the alternative, if and only if such pleading be necessary, Plaintiff further alleges as follows:

5.54    Defendant SERNA-VENEGAS, by the conduct described herein, including the victimization of a person in Defendant SERNA-VENEGAS'S charge, the threats against the Plaintiff at the time of the fondling and the rape, the demand for sexual favors and actual physical rape of a helpless person within Defendants' control, constitutes outrageous conduct that would

shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

5.55    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

5.56    Based on the willful and malicious conduct of Defendant SERNA-VENEGAS, as is set out herein, Plaintiff is entitled to a substantial award of actual and punitive damages against Defendant SERNA-VENEGAS. This count is brought for intentional tort against Defendant SERNA-VENEGAS only, pursuant to *City of Watuga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014).

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant SERNA-VENEGAS.

# VI. QUALIFIED IMMUNITY

6.1    It is anticipated that the Defendants SERNA-VENEGAS, CRINER, PETERS and/or MARTINEZ will raise, or will attempt to raise, a defense of qualified immunity.  In this regard, Plaintiff pleads that it was well-established law, as of well prior to June 30, 2021, that every citizen of the United States has a clearly defined constitutional right to be free from unwanted sexual touching and sexual assault by law enforcement officers in accordance with the Fourth and Fourteenth Amendments to the United States Constitution, as applied to the several states through the Fourteenth Amendment. No reasonable law enforcement officer would have acted as the

Defendants SERNA-VENEGAS, CRINER, PETERS or MARTINEZ did under these circumstances. *See, e.g., Roe v. Tex. Dept. Prot. & Reg. Servs.*, 299 F.3d 395 (5th Cir.2002); *Doe v. Taylor Independent School Dist*, 15 F.3d 443 (5th Cir.1994); *Doe v. Clairborne County, Tenn.*, 103 F.3d 495 (6th Cir.1996). Defendants SERNA-VENEGAS, CRINER, PETERS and/or MARTINEZ are not, therefore, entitled to protection of qualified immunity for this lawsuit.

## VII. DIRECT LIABILITY OF MIDLAND COUNTY

7.1    Plaintiff re-alleges paragraphs 4.1-4.11 above, incorporates those allegations herein, in addition to the factual allegations contained in this section.

7.2    Plaintiff would show that the facts and circumstances of her sexual assault by Jailer Juan Carlos SERNA-VENEGAS arise to the level of a constitutional violation. The constitutional injury of the Plaintiff was caused, all or in part, by the policies or customs of MIDLAND COUNTY, or the deficiency of the policies or customs of MIDLAND COUNTY, as well as by MIDLAND COUNTY's failure to train Jailer Juan Carlos SERNA-VENEGAS, SGT. PETERS, and Mariela MARTINEZ concerning the prevention and elimination of sexual assault against persons in custody.

7.3    When Plaintiff was housed at MIDLAND COUNTY and classified, she was placed in isolation, in the special housing unit ("SHU"). This placement in isolation left her more vulnerable to sexual assault by jailers, as it eliminated the presence of others in her cell who could be witnesses to contact by jailers, and also, due to design flaws in the jails video surveillance system (which, upon information and belief were known to SERNA-VENEGAS and other employees), provided SERNA-VENEGAS with a predicable "zone of concealment" which emboldened him to commit sexual assault of female inmates in the SHU. The isolation was

unwarranted and unnecessary, and not related to any penal need, but was conducted due to the policy and customs of Midland County to place females who had been accused of the type of crime that Plaintiff had been accused of in isolation. Additionally, it was the policy and custom of MIDLAND COUNTY to inadequately monitor those people who had been placed in the SHU, as this area of the jail is known to be concealed from video monitoring, although the people placed in the SHU are placed there under the pretense that they are "more vulnerable" for various reasons. This develops an atmosphere ripe for abuse and retaliation of inmates.

7.4     Local governments, like MIDLAND COUNTY, are liable for policies or customs that cause constitutional injuries under Section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). In this case, there existed one or more official policies or customs of which DAVID CRINER and MIDLAND COUNTY had actual or constructive knowledge, which caused or contributed to the injury to the Plaintiff. Examples of these policies include, but are not limited to, the following:

a.      the failure of MIDLAND COUNTY to have an adequate video surveillance system in the Midland County Jail Special Housing Unit (and the commensurate deficiency of the video surveillance system);

b.      the failure of MIDLAND COUNTY to adopt a written policy mandating zero tolerance toward all forms of sexual abuse and sexual harassment and outlining the agency's approach to preventing, detecting and responding to such conduct, as required by Section 115.11 of the Prison Rape Elimination Act (PREA) Prisons and Jail Standards, United States Department of Justice final rule, codified at 28 C.F.R. Part 115[2];

---

[2] Plaintiff understands that PREA does not create a private cause of action (*Krieg v. Steele*, 599 F.App'x 231, 232-33 (5th Cir.2015)). Nevertheless, the references to PREA contained herein do

c.      the failure of MIDLAND COUNTY to ensure that its facility develops, documents, and makes its best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing, and, where applicable, video monitoring, to protect inmates against sexual abuse.

d.      the failure of MIDLAND COUNTY to assess, determine, and document on a yearly bases whether adjustments are needed to the facility's deployment of video monitoring systems and other monitoring technologies, as required by Section 115.13 of PREA;

e.      the failure of MIDLAND COUNTY to implement a policy and practice of having intermediate-level or higher-level supervisors conduct and document unannounced rounds to identify and deter staff sexual abuse and sexual harassment, as required by Section 115.13 of PREA;

f.      the failure of MIDLAND COUNTY to enact a policy prohibiting or limiting cross-gender viewing and searches of female inmates, absent exigent circumstances, as required by Section 115.15 of PREA.

g.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates on a zero-tolerance policy for sexual abuse and sexual harassment, as required by Section 115.31(a) of PREA;

h.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates on how to fulfill their responsibilities under agency sexual abuse and sexual harassment prevention, detection, reporting and response policies and procedures, as required by Section 115.31(a) of PREA;

---

exemplify the minimum standards for municipal policies, and serve to notify MIDLAND COUNTY of the standards which their policies must adhere to, but did not adhere to in this circumstance, proximately resulting in the harm to the Plaintiff, and violating her constitutional rights not to be raped or sexually assaulted.

i.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates on the inmates' right to be free from sexual abuse and sexual harassment, as required by Section 115.31(a) of PREA;

j.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates on the right of inmates and employees to be free from retaliation for reporting sexual abuse and sexual harassment, as required by Section 115.31(a) of PREA;

k.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates on the dynamics of sexual abuse and sexual harassment in confinement, as required by Section 115.31(a) of PREA;

l.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates concerning the common reactions of sexual abuse and sexual harassment victims, as required by Section 115.31(a) of PREA;

m.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates concerning how to detect and respond to signs of threatened and actual sexual abuse, as required by Section 115.31(a) of PREA;

n.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates concerning how to avoid inappropriate relationships with inmates, as required by Section 115.31 of PREA;

o.      the failure of MIDLAND COUNTY to train all employees who may have contact with inmates concerning how to comply with relevant laws related to mandatory reporting of sexual abuse to outside authorities, as required by Section 115.31 of PREA;

p.      the failure of MIDLAND COUNTY to adopt a policy or practice of providing all inmates, during the intake process, with information explaining the agency's zero-tolerance policy regarding sexual abuse and sexual harassment and how to

report incidents or suspicions of sexual abuse or sexual harassment, as required by Section 115.33 of PREA;

q.      the failure of MIDLAND COUNTY to adopt a policy or practice of providing comprehensive education to inmates either in person or through video regarding their rights to be free from sexual abuse and sexual harassment and to be free from retaliation for reporting such incidents, and regarding agency policies and procedures for responding to such incidents, as required by Sec. 115.33 of PREA;

r.      the failure of MIDLAND COUNTY to adopt a policy or practice of providing multiple internal ways for inmates to privately report sexual abuse and sexual harassment, retaliation by other inmates or staff for reporting sexual abuse and sexual harassment, and staff neglect or violation of responsibilities that may have contributed to such incidents, as required by Sec. 115.51 of PREA;

s.      the failure of MIDLAND COUNTY to provide at least one way for inmates to report abuse or harassment to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward inmate reports of sexual abuse and sexual harassment to agency officials, allowing the inmate to remain anonymous upon request as required by Sec. 115.51 of PREA;

t.      the failure of MIDLAND COUNTY to adopt a policy or custom of prohibiting jailers from taking electronic devices into the jail, or allowing jailers to have custody of cellular devices in the jail, which is a violation of Texas Law.

7.5     The failure of MIDLAND COUNTY to adopt and enforce policies as described above amounts to deliberate indifference to the rights of persons in custody, including the Plaintiff.

7.6     Pleading additionally and in the alternative, Plaintiff would show, upon information and belief, that not only was Defendant SERNA-VENEGAS known to have a reputation of harassment and assault of women and custody, this was not MIDLAND COUNTY's first problem with employing a jailer who was a predator. Similar claims were made against Michael Paul

Dingle, then a Midland County Jailer in 2017, and the resulting investigation into Michael Paul Dingle by then sheriff Gary Painter should have placed the entire leadership and policy-making body of MIDLAND COUNTY on notice of the deficient policies and problems of sexual abuse in the Midland County Jail. Essentially nothing changed after the discovery of these prior instances of sexual abuse, and MIDLAND COUNTY failed to correct its unconstitutional policies or practices, resulting in the injury to the Plaintiff.

## VIII. DAMAGES

8.1    Defendants' acts, as set out above, are proximate causes of Plaintiff's damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt. These damages are in excess of the minimal jurisdictional limits of this Court, and are more than simply *de minimis*.

8.2    As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. Defendants' conduct has caused Plaintiff to suffer extreme emotional and mental anguish.

8.3    Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate her for her damages, which include past and future mental anguish, past and future pain and suffering, past and future damage to her reputation.

## IX. GROSS MISCONDUCT AND EXEMPLARY DAMAGES.

9.1    Defendants SERNA-VENEGAS, CRINER, PETERS and MARTINEZ acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's constitutional rights.

9.2     Plaintiff asks that the jury determine a proper amount to assess as exemplary damages.

## X. ATTORNEY'S FEES

10.1    Plaintiff has been required to retain the services of attorneys to represent her in this complex and difficult proceeding and prosecute this cause of action on her behalf. Plaintiff has retained the undersigned attorneys to represent her, and pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, she is entitled to recover her reasonable and necessary attorneys fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and the Supreme Court of the United States if necessary.

## XI. JURY DEMAND

11.1    Plaintiff respectfully requests a trial by jury on all issues so triable.

## XII. PRAYER

12.1    Plaintiff asks for judgment against the Defendants and prays for:

a.      trial by jury on all issues triable to a jury;

b.      judgment against all Defendants on behalf of the Plaintiff for actual damages pursuant to all causes alleged above;

c.      statutory and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of the costs herein expended;

d.      judgment for the Plaintiff and against Defendants SERNA-VENEGAS, CRINER, PETERS and MARTINEZ for exemplary damages in an amount to be determined by the jury and this Court; and

e.      any and all additional relief to which the Plaintiff may be entitled.

Filed this 7th day of August, 2023.

**HOGAN LAW FIRM, PC**
6215 98th Street
Lubbock, Texas 79424
Phone: (806) 771-7900
Fax: (806) 771-7925
Email: rob@hoganlaw.com

BY: /S/ Robert S. Hogan
     Robert S. Hogan
     SBN: 00796767

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been filed via the Court's electronic filing system and, by such, is being served on this the 7th day of August, 2023, on all counsel of record.

*/s/Robert S. Hogan*
Robert S. Hogan