IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JUANITA DOE, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | |
| § | MO:23-CV-00091-DC-RCG |
| MIDLAND COUNTY, JUAN CARLOS § | |
| SERNA-VENEGAS, SHERIFF DAVID § | |
| CRINER, SERGEANT PETERS, and § | |
| MARISELA MARTINEZ, § | |
|     *Defendants.* § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT are Defendants Midland County and Sheriff David Criner's Motion to Dismiss (Doc. 12) and Plaintiff Juanita Doe's Response in Opposition (Doc. 13).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (Doc. 12).

### I.  BACKGROUND

On June 20, 2023, Plaintiff Juanita Doe[2] ("Plaintiff") filed her Original Complaint against Midland County, Juan Carlos Serna-Venegas, Sheriff David Criner, Sergeant Peters, and Marisela Martinez. (Doc. 1). Plaintiff then filed an Amended Complaint against all Defendants on August 7, 2023. (Doc. 11). Plaintiff asserts causes of action pursuant to 42 U.S.C. § 1983 for: (1) excessive force in violation of the Fourth Amendment; (2) cruel and unusual punishment under the Fourteenth Amendment; (3) denial of equal protection under the Fourteenth

---

[1]. All page number citations are to CM/ECF generated pagination unless otherwise noted.

[2]. Plaintiff's Motion to Proceed Anonymously remains pending before this Court. (Doc. 4).

Amendment; and (4) violation of bodily integrity under the Fourteenth Amendment; as well as state law claims for: (5) battery; (6) false imprisonment; and (7) intentional infliction of emotional distress. (Doc. 11 at 9–19). Causes of action one through three are against all Defendants, four is against Defendants Serna-Venegas, Midland County, and Sheriff Criner, while five through seven are against only Defendant Serna-Venegas. *Id*.

Plaintiff's factual allegations are as follows. She was arrested on May 27, 2021. *Id*. at 6. Soon after her arrest she was placed in the Special Housing Unit ("SHU") of the Midland County Jail. *Id*. Plaintiff asserts the SHU is an area "which was intentionally or knowingly concealed from video monitoring capabilities of the jail video surveillance system." *Id*. According to Plaintiff, this concealment was both apparent and widely known to employees of the jail. (Doc. 11 at 6). Plaintiff alleges the SHU's concealment provided "cover and opportunity" for Defendant Serna-Venegas to engage in sexual abuse of female inmates. *Id*.

On June 30, 2021, Defendant Serna-Venegas entered Plaintiff's SHU cell, closed the cell door most of the way, and "accosted Plaintiff and compelled her to perform an oral sex act upon him." *Id*. Defendant Serna-Venegas then left Plaintiff's cell, but returned an hour or two later. *Id*. This time he "forced Plaintiff to have penetrative vaginal intercourse with him, grabbing her hair and bending her over and forcefully inserting his penis into her." *Id*. Defendant Serna-Venegas threatened Plaintiff with his taser to keep her quiet. (Doc. 11 at 6).

After the two assaults, Plaintiff complained to other Midland County Jail correctional officers, resulting in her relocation to another unit away from Defendant Serna-Venegas. *Id*. Plaintiff alleges that before her relocation, Defendant Serna-Venegas came back on "additional occasions" and threatened her with bodily harm if she told anyone about what happened to her. *Id*.

Plaintiff alleges Defendants Midland County, Sergeant Peters, and Marisela Martinez knew Defendant Serna-Venegas was a "sexual predator, very reckless and loose in a sexual manner, and someone who would take sexual liberties with fellow employees and inmates in the custodial setting." *Id*. at 7. Plaintiff bases this statement off an incident on July 2, 2021 when Defendant Martinez complained because Defendant Serna-Venegas showed her a video "of him having sex with an individual as they worked in the jail." *Id*. Plaintiff alleges Defendant Martinez believed the video depicted Martinez and Defendant Serna-Venegas. (Doc. 11 at 7). However, Plaintiff asserts that it was later determined the video depicted Defendant Serna-Venegas having sexual intercourse with another inmate. *Id*. Defendant Martinez stated that Defendant Serna-Venegas admitted to her that he had a commercial page on OnlyFans.com and that he "got paid to have sex with other females, including inmates, and post it on his page." *Id*.

Defendant Martinez allegedly told investigators that in the past, Defendant Serna-Venegas would touch her inappropriately while working, and she complained of this behavior to supervisors, including Defendant Peters. *Id*. However, Defendant Peters failed to take any action in response to the conduct of Defendant Serna-Venegas. *Id*. Plaintiff alleges investigators later found seven different videos on Defendant Serna-Venegas's phone of him having sexual intercourse with inmates at the Midland County Jail. (Doc. 11 at 8). These videos date back to January 9, 2021. *Id*.

Plaintiff moves on to allege Defendant Sheriff Criner and Defendant Peters knew or should have known of Defendant Serna-Venegas's "reputation for sexual aggression toward women." *Id*. Additionally, Plaintiff asserts that Defendant Serna Venegas's tendency toward sexual aggression was generally well known at the Midland County Jail. *Id*. Despite this, neither

3

Defendant Sheriff Criner nor Defendant Peters "did anything to intervene to protect the safety and physical well-being of the detainees under their charge." *Id*.

As to Midland County and Sheriff Criner, Plaintiff alleges they failed to "establish proper protocol and policies for housing and protection of female subjects, to protect them from being sexually victimized by opposite gender employees." (Doc. 11 at 8). This is because Midland County Jail policies did not: (1) require the "presence of additional personnel (two-person rule)"; (2) require the "presence of a jail employee of the same gender as the inmate"; or (3) "prohibit opposite gender employees from taking vulnerable female detainees into a private areas [sic] secluded from monitoring." *Id*. As to Sheriff Criner only, Plaintiff alleges he contributed to her rape by: (1) failing to "enact policies that held jail officers accountable for their actions"; (2) "failing to properly document and supervise the processing of detainees"; (3) "failing to require officers to report and document movements of jail inmates"; (4) "failing to prohibit jail officers from taking female detainees unescorted by a female officer into private areas"; and (5) "failing to enact and enforce policies that respond to complaints of gender-based aggression and violence." *Id*. at 9.

On August 21, 2023, Defendants Midland County and Sheriff Criner filed a joint Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 12). Plaintiff filed her Response in Opposition on September 4, 2023, and Defendants subsequently filed their Reply on September 11, 2023. (Docs. 13, 14). Consequently, the instant matter is fully briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to

dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555–56. However, a plaintiff must do more than recite the formulaic elements of a cause of action. *See id.* at 556–57. Additionally, the Court is not bound to accept as true a legal conclusion couched as a factual allegation in the complaint. *See Iqbal*, 556 U.S. at 678. Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### III.  DISCUSSION

*A.  Sheriff Criner*

Defendants argue dismissal of Plaintiff's claims against Sheriff Criner is appropriate for three reasons: (1) Plaintiff cannot establish a claim by lumping Sheriff Criner with other Midland County Jail officers; (2) Plaintiff cannot establish claims via *respondeat superior*; and (3) qualified immunity bars Plaintiff's claims.[3] (Doc. 12 at 7–11).

---

3. In her Response, Plaintiff argues Defendants do not seek dismissal of all claims against Sheriff Criner. (Doc. 13 at 6). However, it is clear from Defendants' Motion to Dismiss that Defendants seek dismissal of all Plaintiff's claims against Sheriff Criner. (*See* Doc. 12 at 3).

The Court begins by noting Plaintiff is suing Sheriff Criner in his individual capacity. This is important because "[a]n official cannot be held liable in his individual capacity merely because a subordinate committed some constitutional violation; '[§] 1983 does not impose vicarious or respondeat-superior liability.' " *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251 (5th Cir. 2022) (quoting *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988)). "Instead, a defendant must either be 'personally involved in the constitutional violation' or commit 'acts [that] are causally connected to the constitutional violation alleged.' " *Id.* (quoting *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). Thus, to the extent Plaintiff sues Sheriff Criner for acts of Midland County Jail employees, he cannot be held responsible for the acts of employees on any theory of vicarious liability or respondeat superior. *Jones v. Lamar County*, No. 421CV00156SDJCAN, 2022 WL 17175071, at *18 (E.D. Tex. Sept. 9, 2022) (citing *West v. Consol. Gov't of Lafayette*, No. CV 6:21-4431, 2022 WL 2033335, at *3 (W.D. La. May 13, 2022), *report and recommendation adopted*, 2022 WL 2033341 (W.D. La. June 3, 2022); *Rosas v. Bexar County*, No. SA-14-CA-1082-DAE, 2015 WL 1966130, at *9 (W.D. Tex. Jan. 31, 2015), *report and recommendation adopted*, 2015 WL 1955406 (W.D. Tex. Apr. 29, 2015)).

"A supervisor can, however, be held liable when he was himself deliberately indifferent." *Brauner v. Coody*, 793 F.3d 493, 500–01 (5th Cir. 2015). "In order to hold a defendant supervisor liable on such a theory, 'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.' " *Id.* (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911–12 (5th Cir. 1998)). "Deliberate indifference is an extremely high standard to meet." *Campos v.*

6

*Webb County*, 597 F. App'x 787, 792 (5th Cir. 2015) (per curiam) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir.2001). "Negligence or even gross negligence is not enough." *Id*. (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)).

Here Plaintiff fails to plead any facts showing that Sheriff Criner had prior personal knowledge of Defendant Serna-Venegas's sexual misconduct. According to Plaintiff's Amended Complaint, the facts surrounding Defendant Serna-Venegas's sexual misconduct and sexual promiscuity came to light through an investigation after Plaintiff reported him. (Doc. 11 at 7–8). Plaintiff points to one previous sexual assault in the jail from 2017. *Id*. at 25–26. However, under Fifth Circuit precedent this single incident does not give rise to a pattern of similar or pervasive conduct necessary to rise to the level of deliberate indifference. *Jones*, 2022 WL 17175071, at *19 (citing *Jackson v. Valdez*, 852 F. App'x 129, 136–37 (5th Cir. 2021)); *Campos*, 597 F. App'x at 792–93.

Thus, dismissal is proper as Plaintiff has not set forth sufficient facts to support any of her claims of liability under § 1983 against Sheriff Criner. *See Jones*, 2022 WL 17175071, at *19 (citing *Roe v. Johnson County*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *5 (N.D. Tex. July 29, 2019) ("Asserting claims in this manner [of shotgun pleading] – that is, 'by merely attaching a label and/or legal conclusion to no facts unique to that claim or, at best, threadbare unique facts – is not sufficient to state a claim that is plausible on its face.' "), *report and recommendation adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019); *Pinedo v. City of Dallas*, No. 3:14-CV-0958-D, 2015 WL 5021393, at *8 (N.D. Tex. Aug. 25, 2015) ("[Plaintiff] has failed to plead any facts from which the court can reasonably infer that the City's final policymakers were even aware of any systemic deficiencies in officer training, supervision, or discipline, much less that they deliberately chose a deficient course of action from the available

alternatives."); *see also Toliver v. Braddy*, No. 4:20-CV-00132-ALM-CAN, 2021 WL 1086176, at *5 (E.D. Tex. Feb. 11, 2021) ("Nothing in Plaintiff's complaint even vaguely suggests that the Sheriff participated in the alleged wrongful acts."), *report and recommendation adopted*, 2021 WL 1061386 (E.D. Tex. Mar. 19, 2021); *Diggs v. Waybourn*, No. 4:20-CV-706-P, 2021 WL 961676, at *3 (N.D. Tex. Mar. 15, 2021) (dismissing a plaintiff's § 1983 claims against a sheriff on the basis of "lack of sufficient personal involvement").

Therefore, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims against Sheriff Criner and that those claims be **DISMISSED**. (Doc. 12).

B.   *Midland County*

   **1. Identifying Midland County's Policy or Custom**

A municipality may be held liable only "where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). Thus, when bringing such a § 1983 claim, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury," *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009), and show that the municipality made "a deliberate choice to follow a course of action . . . from among various alternatives by city policymakers." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotations and alterations omitted). This is because "the Court 'intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

To sufficiently plead such a claim, commonly referred to as a *Monell* claim, the plaintiff must allege: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields*, 860 F.3d at 808). The plaintiff may satisfy the first element by demonstrating the existence of an official policy "through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority" or by showing the existence of a "persistent, widespread practice." *Sanchez*, 283 F. Supp. 3d at 533–34 (quoting *Valle v. City of Houston.*, 613 F.3d 536, 541–42 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)). Additionally, alleging a policy by showing that there was a widespread practice "requires the plaintiff to allege facts demonstrating a 'pattern of abuses that transcends the error made in a single case.' " *Bright v. City of Killeen*, No. 6:20-CV-431, 2021 WL 1226560, at *3 (W.D. Tex. Mar. 31, 2021) (quoting *Piotrowski*, 336 F.3d at 370).

As to the second element, "[a] policy or custom is official only 'when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority" over the subject matter of the offending policy.' " *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Further, the municipality or official with policymaking authority must have had "[a]ctual or constructive knowledge of such [policy or] custom." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). Third, "a plaintiff must allege 'moving force causation,' " which requires the plaintiff to show "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Sanchez*, 283 F. Supp. 3d at 534 (quoting *Valle*, 613 F.3d at 542). The degree of

culpability required is "deliberate indifference," which "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)).

Plaintiff alleges that "one or more official policies or customs of which [Sheriff Criner] and [Midland County] had actual or constructive knowledge, which caused or contributed to the injury to the Plaintiff." (Doc. 11 at 22). Plaintiff then rattles off twenty examples of policies Midland County *failed* to adopt or implement. *Id*. at 22–25. Plaintiff goes on to allege Midland County's failure "to adopt and enforce policies as described above amounts to deliberate indifference to the rights of persons in custody, including the Plaintiff." *Id*. at 25. However, despite Plaintiff's pleading of various policies Midland County *failed* to adopt, she fails to plead any facts suggesting Midland County maintained an official policy that was permissive of sexual abuse. *See Ayon v. Austin Ind. Sch. Dist.*, 1:19-CV-586-RP, 2020 WL 1536383, at *4–5 (W.D. Tex. Mar. 31, 2020).

To survive a motion to dismiss "Plaintiff must describe the official policy and its relationship to the underlying violation with specific facts." *Id*. (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."); *Pagan-Negron v. Seguin Indep. Sch. Dist.*, 974 F. Supp. 2d 1020, 1032 (W.D. Tex. 2013) ("The description of the policy or custom and its relationship to the underlying constitutional violation must be more than conclusory.")).

Even accepting all of Plaintiff's factual allegations as true, as required at this procedural stage, the Court finds Plaintiff's allegations concerning Midland County's policies or customs

inadequate to state a claim for relief. The allegations do not provide facts sufficient to demonstrate "an actual policy, regulation, or decision that is officially adopted." *Sanchez*, 283 F. Supp. 3d at 533–34.

### 2. Midland County's Alleged Pattern of Unconstitutional Conduct

Plaintiff's counsel also appears to advance a theory of municipal liability on the basis of a pattern of unconstitutional conduct. (*See* Doc. 11 at 25–26) ("[T]his was not [Midland County]'s first problem with employing a jailer who was a predator. Similar claims were made against Michael Paul Dingle, then a Midland County Jailer in 2017, and the resulting investigation into Michael Paul Dingle by then sheriff Gary Painter should have placed the entire leadership and policy-making body of [Midland County] on notice of the deficient policies and problems of sexual abuse in the Midland County Jail."). The question before the Court is "whether this additional incident of sexual assault is sufficient to establish a pattern of sexual abuse that can be said to represent official . . . policy. *Ayon*, 2020 WL 1536383, at *5 (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009)).

"A pattern is tantamount to official policy when it is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.' " *Id.* (quoting *Peterson*, 588 F.3d at 850). Again, this "requires the plaintiff to allege facts demonstrating a 'pattern of abuses that transcends the error made in a single case.' " *Bright v. City of Killeen*, No. 6:20-CV-431, 2021 WL 1226560, at *3 (W.D. Tex. Mar. 31, 2021) (quoting *Piotrowski*, 336 F.3d at 370). "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.' " *Peterson*, F.3d at 850 (quoting *Webster*, 735 F.2d at 842). A pattern also requires "sufficiently numerous prior

incidents," as opposed to "isolated instances." *Id*. (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

"Though the Court acknowledges that one sexual assault is one too many, Plaintiff's factual allegations about one prior incident are ultimately insufficient under Fifth Circuit law to show that the sexual assault" of Plaintiff in the Midland County Jail is the " 'expected, accepted practice of [county] employees.' " *Ayon*, 2020 WL 1536383, at *5 (quoting *Peterson*, 588 F.3d at 850). Accordingly, Plaintiff failed to sufficiently plead that Midland County maintained an official policy or custom of condoning sexual abuse of Midland County Jail inmates. *Id*.; *see also Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (finding three cases over a three-and-a-half year period to be insufficient to demonstrate a pattern of constitutional violations); *Peterson*, 588 F.3d at 852 (finding that twenty-seven incidents of excessive force over a period of four years did not reflect a pattern that could be said to represent official policy). Further, "because Plaintiff has not pleaded sufficient facts to show an official policy or custom of condoning sexual abuse, she cannot show that such a policy was the 'moving force' behind the violation of [her] constitutional rights." *Ayon*, 2020 WL 1536383, at *5 (quoting *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018)).

3. **Midland County's Alleged Failure to Train and Supervise**

Plaintiff also appears to pursue municipal liability through a failure to train claim. (Doc. 11 at 23–24). A municipality may be held liable for failure to train under limited circumstances. *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998) (referencing *City of Canton*, 489 U.S. 378). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985)). Therefore, to allege a failure to train

claim, a plaintiff must show that "1) the [county] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Peña*, 879 F.3d at 623 (quoting *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)). Further, "[b]ecause the 'standard for [municipal] fault' is a 'stringent' one, '[a] pattern of similar constitutional violations by untrained employees is ordinarily' required to show deliberate indifference." *Id.* (quoting *Connick*, 563 U.S. at 62). As discussed thoroughly above, Plaintiff fails sufficiently to plead such a pattern, and thus her allegations against Midland County based on a failure to train theory are insufficient under Rule 12(b)(6). *Id.*

Therefore, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims against Midland County and that those claims be **DISMISSED**. (Doc. 12).

C.    *Plaintiff's Request for Leave to Amend*

In her Response, Plaintiff requests in the alternative that the Court grant her leave to amend her complaint for a second time. (Doc. 13 at 12).

Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Rule 15(a) "favors granting leave to amend unless a substantial reason exists, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.' " *Smith v. McDonough*, SA-22-CV-01383-JKP, 2023 WL 5918322, at *9 (W.D. Tex. Sept. 8, 2023) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th

13

Cir. 2000)). Based on this rationale, courts typically provide plaintiffs with the opportunity to amend a complaint before dismissal; however, dismissal "is appropriate when the plaintiff was previously provided ample opportunity to cure the deficiencies. *Id*. (citing *Foman v. Davis*, 371 U.S. 182, 182 (1962); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

In this case, Plaintiff already amended her complaint once as of right. Further, Plaintiff makes only a cursory mention of her request to amend, does not state the substance of her proposed amendment, nor does she attach a second amended complaint for the Court. Accordingly, the Court finds Plaintiff has been given ample opportunity to cure deficiencies in her complaint, and further amendment would be futile. *See Smith*, 2023 WL 5918322, at *9. Thus, Plaintiff's Request to amend her complaint is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Sheriff Criner and Midland County be **DISMISSED WITH PREJUDICE**. (Doc. 12).

SIGNED this 1st day of February, 2024.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).