IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JUANITA DOE, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | |
| § | MO:23-CV-00091-DC-RCG |
| MIDLAND COUNTY, JUAN CARLOS § | |
| SERNA-VENEGAS, SHERIFF DAVID § | |
| CRINER, SERGEANT PETERS, and § | |
| MARISELA MARTINEZ, § | |
|     *Defendants.* § | |

## ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM

BEFORE THE COURT is Plaintiff Juanita Doe's Motion to Proceed Under a Pseudonym. (Doc. 4).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of Plaintiff's Motion as well as the relevant case law, the Court **GRANTS** Plaintiff's Motion to Proceed Under a Pseudonym. (Doc. 4).

### I. BACKGROUND

On June 20, 2023, Plaintiff Juanita Doe ("Plaintiff") filed her Original Complaint against Midland County, Juan Carlos Serna-Venegas, Sheriff David Criner, Sergeant Peters, and Marisela Martinez. (Doc. 1). Plaintiff then filed an Amended Complaint against all Defendants on August 7, 2023. (Doc. 11). Plaintiff asserts causes of action pursuant to 42 U.S.C. § 1983 for: (1) excessive force in violation of the Fourth Amendment; (2) cruel and unusual punishment under the Fourteenth Amendment; (3) denial of equal protection under the Fourteenth Amendment; and (4) violation of bodily integrity under the Fourteenth Amendment; as well as

---

[1]. All citations are to CM/ECF generated pagination unless stated otherwise.

state law claims for: (5) battery; (6) false imprisonment; and (7) intentional infliction of emotional distress. (Doc. 11 at 9–19). Causes of action one through three are against all Defendants, four is against Defendants Serna-Venegas, Midland County, and Sheriff Criner, while five through seven are against only Defendant Serna-Venegas. *Id*.

Plaintiff's factual allegations are as follows. She was arrested on May 27, 2021. *Id*. at 6. Soon after her arrest she was placed in the Special Housing Unit ("SHU") of the Midland County Jail. *Id*. Plaintiff asserts the SHU is an area "which was intentionally or knowingly concealed from video monitoring capabilities of the jail video surveillance system." *Id*. On June 30, 2021, Defendant Serna-Venegas entered Plaintiff's SHU cell, closed the cell door most of the way, and "accosted Plaintiff and compelled her to perform an oral sex act upon him." (Doc. 11 at 6). Defendant Serna-Venegas then left Plaintiff's cell but returned an hour or two later. *Id*. This time he "forced Plaintiff to have penetrative vaginal intercourse with him, grabbing her hair and bending her over and forcefully inserting his penis into her." *Id*. Defendant Serna-Venegas threatened Plaintiff with his taser to keep her quiet. *Id*. After the two assaults, Plaintiff complained to other Midland County Jail correctional officers, resulting in her relocation to another unit away from Defendant Serna-Venegas. *Id*. Plaintiff alleges that before her relocation, Defendant Serna-Venegas came back on "additional occasions" and threatened her with bodily harm if she told anyone about what happened to her. (Doc. 11 at 6).

## II.  DISCUSSION

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties," including the plaintiff. FED. R. CIV. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall,* 653 F.2d 180,185 (5th

Cir. Unit A Aug. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)). "Yet, there is precedent for departing from a procedural custom fraught with constitutional overtones to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Id*. (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 nn.8, 9, 10, 11 & 12 (5th Cir. 1979) [hereinafter *SMU*]).

In *SMU*, the Fifth Circuit identified three "factors presented in cases permitting party anonymity": (1) "plaintiffs seeking anonymity were suing to challenge governmental activity"; (2) "prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;' " and (3) "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185 (citing *SMU*, 599 F.2d at 707). The three *SMU* factors do not present a "rigid, three-step test for the propriety of party anonymity," instead a court must balance "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. at 185–86. In fact, "[n]o single factor is dispositive, and a judge should 'carefully review *all* the circumstances before deciding whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.' " *Roe v. Patterson*, 4:19-cv-00179-ALM-KPJ, 2019 WL 2407380, at *3 (E.D. Tex. June 3, 2019) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Courts in the Western District of Texas allow plaintiffs to proceed anonymously even when not all three factors are present, if the right circumstances are present. *See Doe v. El Paso Cnty. Hosp. Dist.*, No. EP–13–CV–00406–DCG, 2015 WL 1507840, at *2 (W.D. Tex. Apr. 1, 2015) ("[N]ot all three factors must be present before a party is allowed to proceed anonymously.") (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011); *Stegall*, 654 F.2d at 186).

Here Plaintiff argues the *SMU* factors weigh in her favor, but only two of the three factors are present. (*See* Doc. 4).[2] As to the first *SMU* factor, Plaintiff does challenge government activity, but she also sues multiple Defendants in their individual capacities.[3] "Whether a plaintiff is suing the government or an individual 'is significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.' " *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *3 (quoting *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266–67 (E.D. Tex. 2007)).  However, Plaintiff is not only suing the government, she is also suing several Midland County Jail employees in their individual capacities, as well as Sheriff Criner in his individual capacity. (Doc. 11). Thus, there are reputational concerns for the individual Defendants at stake in this lawsuit. *See El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *3 ("[E]ven if Plaintiff challenges governmental activity, she has named individual parties as defendants in addition to the government, and the 'mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm.' " (quoting *SMU*, 599 F.2d at 713)). As the Court held in *El Paso Cnty. Hosp. Dist.*, the Court also finds this factor weighs against anonymity. *Id.* (citing *Rose*, 240 F.R.D. at 267; *K.D. v. City of Norwalk*, No. 3:06CV406 (WWE), 2006 WL 1662905, at *2 (D. Conn. June 14, 2006)).

The Second *SMU* factor, whether prosecution of the case compels Plaintiff to disclose information "of the utmost intimacy," weighs in favor of anonymity. "Under this factor, '[w]here the issues involved are matters of a sensitive and highly personal nature . . . the normal practice

---

2. Plaintiff does not argue she would need to admit her intention to engage in illegal conduct to prosecute this case, nor do any facts tend to show she would need to. (*See* Doc. 4).

3. "[T]his factor is plainly concerned with government *activity* and not only with challenges seeking to have a law or regulation declared invalid." *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *3 (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)).

4

of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.' " *Id*. (quoting *SMU*, 599 F.2d at 712–13). District courts within the Fifth Circuit have allowed cases involving sexual assault to proceed under a pseudonym. *See Doe v. CoreCivic, Inc.*, 4:20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020); *Patterson*, 2019 WL 2407380, at *3–4; *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *4–5. The *CoreCivic* Court found that a case involving sexual assault while in an ICE processing center presented circumstances weighing "overwhelmingly in favor of granting the motion to proceed under a pseudonym." *CoreCivic*, 2020 WL 3640058, at *2. The same is true here.

Finally, other courts have considered the degree to which a plaintiff's name is already known to the community. *See Patterson*, 2019 WL 2407380, at *4; *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *6. Those Courts found it weighed in a plaintiff's favor where the plaintiff sought to protect her identity and had not participated in media coverage of the case. *Patterson*, 2019 WL 2407380, at *4; *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *6. This case is similar, as Plaintiff provides that her name was kept confidential during Serna-Venegas's prosecution. (Doc. 4 at 2).

In sum, "The interest of the public in knowing Doe's identity does not outweigh her need for privacy in these circumstances." *CoreCivic*, 2020 WL 3640058, at *2. After reviewing the *SMU* factors as well as all the circumstances of the case, the Court finds the privacy concerns at issue in this case outweigh the presumption of openness of judicial proceedings. Accordingly, Plaintiff Juanita Doe's Motion to Proceed Under a Pseudonym is **GRANTED**. (Doc. 4).

It is so **ORDERED**.

SIGNED this 20th day of February, 2024.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE